Mark R. Gaylord (#5073)
Jacqueline Mabatah (#17265)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone:  (801) 531-3000
Facsimile:  (801) 531-3001
gaylord@ballardspahr.com
mabatahj@ballardspahr.com

*Attorney for Defendants, Pepperidge Farm, Inc., and Campbell Soup Company*

## IN THE UNITED STATE DISTRICT COURT

## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID BRYAN,<br><br>Plaintiff,<br><br>v.<br><br>PEPPERIDGE FARM, INC., a Connecticut corporation, and CAMPBELL SOUP COMPANY, a New Jersey corporation, dba PEPPERIDGE FARM, INC., and JOHN OR JANE DOE I-X, and BUSINESS ENTITIES IX,<br><br>Defendants. | NOTICE OF REMOVAL<br><br>Case No.:  1:22-cv-00079-RJS<br><br>Honorable Robert J. Shelby<br><br>Removed from the First Judicial District Court, Cache County, State of Utah, Case No.  220100168 |

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, Defendants, Pepperidge Farm, Inc., a Connecticut corporation, and Campbell Soup Company, a New Jersey corporation, (collectively "Defendants") hereby give notice of the removal of the above-captioned matter, currently pending in the First Judicial District Court, Cache County, State of Utah, Case No. 220100168,

to the United States District Court for the District of Utah, Northern Division. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since neither Defendant is incorporated and/or their principal place of business is located in the State of Utah  This Court further has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 due to Plaintiff David Bryan's ("Plaintiff") second, third, and fourth causes of action asserting wrongful termination in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, and retaliation in violation of Title VII of the Civil Rights Act of 1964,  respectively. In support of this Notice of Removal, Defendants state as follows:

1. On May 23, 2022, Plaintiff filed the action entitled *Bryan v. Pepperidge Farm, Inc. et al.*, Case No. 220100168, in the First Judicial District Court, Cache County, against Defendants. The Complaint has not been served upon the Defendants, but Defendants became aware of the action shortly after it was filed. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit A.

2. The Complaint alleges four causes of action: 1) wrongful termination in violation of implied employment agreement, 2) wrongful termination in violation of the Age Discrimination in Employment Act, 3) wrongful termination in violation of Title VII of the Civil Rights Act of 1964, and 4) retaliation in violation of Title VII of the Civil Rights Act of 1964.

3. This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction of this case under the diversity jurisdiction provisions of 28 U.S.C. § 1332 and the federal question jurisdiction provisions of 28 U.S.C. § 1331. In relevant part, 28 U.S.C. § 1332 provides: "[t]he district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

4. Here, this action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff is a resident of the state of Utah. Defendant Pepperidge Farm is incorporated in Connecticut with its principal place of business in Norwalk, Connecticut. Campbell Soup is incorporated in New Jersey with its principal place of business in Camden, New Jersey.

5. Therefore, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Defendants are citizen of Connecticut and New Jersey respectively. Accordingly, the parties are diverse.

6. This is a civil action where the amount in controversy is in excess of $75,000 as Plaintiff requests no less than $300,000 in damages.

7. Accordingly, this is a civil action where there is complete diversity of citizenship and the amount in controversy (excluding interest and costs) is in excess of $75,000.

8. Further, this court has jurisdiction pursuant to 28 U.S.C. § 1331 since the action arises under the Constitution, laws, or treaties of the United States.

9. Removal is therefore permitted under 28 U.S.C. §§ 1441 and 1446.

10. Venue is proper under 28 U.S.C. 1446(a) because the United States Court for the District of Utah, Northern Division, is the federal district embracing the First Judicial District Court in and for Cache County, State of Utah.

11. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after May 23, 2022, the date upon which Plaintiff filed the Complaint in the First Judicial District Court, Cache County, State of Utah.

12. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice upon counsel for Plaintiff and will file a copy in the First Judicial District Court, Cache County, State of Utah.

13. Defendants reserve the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand.

WHEREFORE, Defendants request that the above-styled action currently pending in the First Judicial District Court, Cache County, State of Utah, be removed to this Court, which shall assume full jurisdiction over it as provided by law.

DATED this 21st day of June 2022.

/s/ Mark R. Gaylord
Mark R. Gaylord, Esq.
Jacqueline Mabatah, Esq.
BALLARD SPAHR LLP

*Attorneys for Defendants, Pepperidge Farm, Inc., and Campbell Soup Company*