# EXHIBIT A

James C. Jenkins (#1658)
OLSON & HOGGAN, LLC
130 South Main, Suite #200
P.O. Box 525
Logan, Utah 84323-0525
Telephone: (435) 752-1551
*Attorney for Plaintiff*

___

### IN THE FIRST JUDICIAL DISTRICT COURT
### IN AND FOR CACHE COUNTY, STATE OF UTAH

___

| | |
|---|---|
| DAVID BRYAN,<br><br>              Plaintiff,<br><br>vs.<br><br>PEPPERIDGE FARM, INC., a Connecticut corporation, and CAMPBELL SOUP COMPANY, a New Jersey corporation, dba PEPPERIDGE FARM, INC., and JOHN OR JANE DOE I-X, and BUSINESS ENTITIES I-X<br><br>              Defendants. | **COMPLAINT**<br>(TIER 3)<br><br>Case No. 220100168<br><br>Judge Spencer D. Walsh |

___

       COMES NOW Plaintiff DAVID BRYAN, by and through counsel, James C. Jenkins of Olson & Hoggan, P.C., and hereby complains and alleges against Defendants PEPPERIDGE FARM, INC., CAMPBELL SOUP COMPANY, JOHN OR JANE DOE I-X, and BUSINESS ENTITIES I-X as follows:

### PARTIES

       1.      Plaintiff DAVID BRYAN is an individual residing in Cache County, State of Utah.

       2.      Defendant PEPPERIDGE FARM, INC., (Pepperidge Farm) is, upon information and belief, a corporation incorporated in Connecticut, operating a bakery and manufacturing plant in Cache County, State of Utah.

       3.      Defendant CAMPBELL SOUP COMPANY is, upon information and belief, a corporation incorporated in New Jersey, doing business as PEPPERIDGE FARM, INC., in Cache County, State of Utah.

**JURISDICTION, VENUE, AND DISCOVERY TIER**

4. This court has jurisdiction over this action under Utah Code sections 78A-5-102, 78B-3-304, and 78B-3-307.

5. Venue is proper before this court under Utah Code sections 78B-3-304, and 78B-3-307.

6. Pursuant to Utah Rule of Civil Procedure 8, the principal amount of damages owed in this matter as of May 20, 2022, is $300,000.00 or more; and, when combined with costs and fees incurred and interest accruing thereon, the case qualifies as a Tier 3 case as defined by Utah Rule of Civil Procedure 26.

**GENERAL ALLEGATIONS AND CAUSES OF ACTION**

7. Pepperidge Farm is a for-profit company that operates a food manufacturing plant in Cache County, State of Utah.

8. Plaintiff was hired by Pepperidge Farm at its Cache County manufacturing plant on or around January 2007 as a Human Resources Manager.

9. Plaintiff maintained his employment at Pepperidge Farm's manufacturing plant at all times between January 2007 and March 2021.

10. Plaintiff received no poor reviews for his work performance for the entirety of his employment at Pepperidge Farm.

11. Plaintiff received a performance-based raise given to no more than 50% of similarly situated employees every year it was offered, indicating that his performance was always above average.

12. On or around March 2021, Plaintiff conducted an investigation of a sexual harassment claim that was filed against one of the managers at the manufacturing plant.

13. With the investigation ongoing, Plaintiff suspended the manager.

14. As Plaintiff continued the investigation, he was notified on or around March 14, 2021, that Pepperidge Farm's legal department would be taking over the investigation.

15. The legal department continued the investigation for approximately two weeks.

16. Plaintiff was not made aware of any wrongdoing on his part prior to or during the legal department's assumption of the investigation.

17. Plaintiff's employment was terminated for cause without prior warning or probation on or around March 30, 2021.

18. Pepperidge Farm alleged at the time of Plaintiffs termination that he had downplayed issues that arose during the investigation.

19. Plaintiff was 61 years old at the time of his termination.

20. Upon information and belief, Pepperidge Farm subsequently hired a younger female employee to fill Plaintiff's former role.

21. As a Human Resources Manager, Plaintiff was regularly involved with termination of employees and had knowledge as to Pepperidge Farm practices in this regard.

22. In cases involving other employees, Plaintiff was instructed by Pepperidge Farm that an employee was never terminated without first being put on a Personal Improvement Plan for performance or having extensive documentation of prior misconduct.

23. Within the 2-3 weeks prior to Plaintiff's termination, he was working a Human Resources case for Pepperidge Farm where Plaintiff was informed that an employee could not be terminated despite sending a sexually explicit text message to female employees because he had no previous documented instances of misconduct.

24. Plaintiff was not given the same treatment as other employees at Pepperidge Farm.

## CAUSES OF ACTION

### First Cause of Action
(Wrongful Termination in Violation of Implied Employment Agreement)

25. Plaintiff re-alleges and incorporates each of the allegations in the preceding paragraphs of the Complaint, as though fully set forth herein.

26. Plaintiff and Pepperidge Farm entered into an at-will employment agreement in January 2007.

27. Over the 14 years the Plaintiff was employed at Pepperidge Farm, he was regularly instructed as a Human Resources Manager that employees were not terminated without a probationary period or prior instances of misconduct.

28. Pepperidge Farm's personnel policies and course of dealing with its employees created an implied-in-fact contract, modifying Plaintiff's at-will status.

29. The implied-in-fact contract required that employees be placed on probation with an improvement plan for performance, and that termination could not occur without documented prior instances of misconduct.

30. Plaintiff was terminated by Pepperidge Farm without warning, probationary period, or documented instances of misconduct.

31. Pepperidge Farm violated their implied-in-fact contract when it terminated Plaintiff's employment without the prerequisite probationary period or prior documentation of misconduct.

32. Pepperidge Farm violated their duty of good faith and fair dealing when it terminated Plaintiff's employment without the prerequisite probationary period or prior documentation of misconduct.

33. As a direct and proximate result of Pepperidge Farm's violation of the contract, Plaintiff has been damaged in an amount to be proven at trial.

### Second Cause of Action
(Wrongful Termination in Violation of the Age Discrimination in Employment Act)

34. Plaintiff re-alleges and incorporates each of the allegations in the preceding paragraphs of the Complaint, as though fully set forth herein.

35. Plaintiff was a member of a protected class under the Age Discrimination in Employment Act (ADEA) of persons 40 years of age and older at the time of his termination.

36. Plaintiff's employment was terminated by Pepperidge Farm without prior warning, probationary period, or documented misconduct.

37. Plaintiff had performed in his position for approximately 14 years, always met performance expectations, and never received a bad review or low rating.

38. Plaintiff's employment was terminated without the procedural prerequisites granted to other, younger, employees.

39. Following Plaintiff's termination, Pepperidge Farm hired a less qualified younger employee to replace Plaintiff.

40. As a result of Pepperidge Farm's discriminatory actions, Plaintiff is entitled to damages in an amount to be determined at trial.

### Third Cause of Action
(Wrongful Termination in Violation of Title VII of the Civil Rights Act of 1964)

41. Plaintiff re-alleges and incorporates each of the allegations in the preceding paragraphs of the Complaint, as though fully set forth herein.

42. Plaintiff is a male who, as an HR manager, was responsible for investigating reports of sexual misconduct in the workplace.

43. Plaintiff was tasked with investigating a sexual harassment report from a female employee.

44. Plaintiff conducted an investigation and suspended the male employee responsible while the investigation continued

45. Without warning or reason, Plaintiff was removed from the investigation by Pepperidge Farm.

46. Plaintiff's employment was terminated by Pepperidge Farm two weeks later without prior warning, probationary period, or documented misconduct.

47. Plaintiff had performed his position for approximately 14 years, always met performance expectations, and never received a bad review or low rating.

48. Plaintiff's employment was terminated without the procedural prerequisites granted to other employees due to his sex and responsibilities for investigating claims of sexual harassment.

49. Following Plaintiff's termination, Pepperidge Farm hired a less qualified female employee to replace Plaintiff.

50. As a result of Pepperidge Farm's discriminatory actions, Plaintiff is entitled to damages in an amount to be determined at trial.

### Fourth Cause of Action

(Retaliation in Violation of Title VII of the Civil Rights Act of 1964)

51. Plaintiff re-alleges and incorporates each of the allegations in the preceding paragraphs of the Complaint, as though fully set forth herein.

52. Prior to his termination, Plaintiff, as part of his job responsibilities, was involved in a sexual harassment investigation of a manager at Pepperidge Farm's manufacturing plant.

53. Plaintiff suspended the manager and proceeded to investigate the matter further.

54. Plaintiff's investigation was in opposition to discriminatory practices of sexual harassment by the subject manager at the plant.

55. Plaintiff's investigation was superseded by Pepperidge Farm legal department without warning or notice.

56. The legal department continued the investigation for two weeks.

57. Plaintiff was terminated at the end of the investigation, reportedly due to Plaintiff's alleged downplaying of the complaint.

58.     Plaintiff's termination was motivated, at least in part, by retaliation for his participation in an investigation of sexual harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims outlined above.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Plaintiff David Bryan respectfully requests judgment against Defendants as follows:

1.     For judgment against the Defendants in an amount to be proven at trial for Plaintiff's economic and noneconomic damages.

2.     For prejudgment and post-judgment interest on all judgments entered hereunder;

3.     For attorney's fees incurred in bringing this action as allowed by law or equity;

4.     For costs of court and collection, together with any special damages, augmentation of costs incurred in executing and collecting judgment;

5.     For such other and further relief as the Court may deem just and equitable in the circumstances.

DATED this 23rd day of May, 2022.

OLSON & HOGGAN, P.C.

/s/ James C. Jenkins
James C. Jenkins
Attorneys for Plaintiff